NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | : |
| Plaintiff, | : Civil Action No. 09-cv-399 (JAP) |
| v. | : **OPINION** |
| XACTA 300, Inc., and YEHUDA LEVIN a/k/a JUDA LEVIN, | : |
| Defendants. | : |

Presently before the Court is Plaintiff, the Federal Trade Commission ("Plaintiff") motion to lift the suspension of the $14.5 million monetary judgment against Defendant, Yehuda Levin ("Defendant") [docket #46]. Defendant opposes this motion [docket #49]. This Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, this Court grants Plaintiff's motion to lift the suspension of the $14.5 million monetary judgment against Defendant.

I.  **BACKGROUND**

On January 27, 2009, Plaintiff filed a Complaint for injunctive and other equitable relief against Xacta 300, Inc., and the instant Defendant, Yehuda Levin, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging deceptive acts or practices and false advertisements in violation of Sections 5(a) and 12 of the FTC act, 15 U.S.C. §§ 45(a) and 52 [docket #1]. The Plaintiff and Defendants, Xacta 300, Inc. and Yehuda Levin, stipulated to the entry of an Order for a permanent injunction and monetary relief as a settlement of the Plaintiff's claims against the Defendants ("the Stipulation") [docket #42].

1

The Stipulation provided for a $14.5 million judgment against the Defendants, but the judgment was suspended based on the Defendants' sworn financial condition [docket #42]. In signing the Stipulation, the Defendants "reaffirm[ed] and attest[ed] to the truthfulness, accuracy, and completeness of the financial statements signed by the Corporate Defendant on October 11, 2009, and by the Individual Defendant on May 3, 2010. . ." [docket #42, at p. 9]. The Stipulation further provided that if, after signing the Stipulation and upon motion by the Plaintiff, "the Court finds that Defendants failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from his or its financial statement or supporting documents, the suspended judgment . . . shall become immediately due and payable." *Id.* at 9-10.

In its moving papers, Plaintiff alleges that Defendant, Yehuda Levin, transferred approximately $2,894,100.52 in assets to Lakewood Cheder School ("Lakewood"). *See Memorandum in Support of the Federal Trade Commission's Motion to Lift the Suspension of the $14.5 Million Monetary Judgment Against Yehuda Levin* ("Plaintiff's Moving Brief"), at p. 2. Plaintiff further alleges that these monies were loans and thus, assets of Defendant. Plaintiff states that Levin directed 23 payments to either Xacta or other individuals or entities, and in 2009, Lakewood also made two checks of $100,000.00 payable to Defendant. *Id.* at 3. Plaintiff further claims that Defendant directed Lakewood to make adjustments or deductions from the outstanding "loan balance." *Id.* at 4. Plaintiff asserts that Defendant did not disclose the $2,894,100.52 that he transferred to Lakewood, nor the approximate $700,000 still owed to him, on the sworn financial statements which provided the basis for the $14.5 million judgment suspension in the Stipulation.

Defendant contends that Plaintiff has failed to show that there was a material misrepresentation or omission, and that at the time Defendant completed the financial statement

he was under the impression that the remaining $700,000 owed to him was to be considered a donation, and therefore, not an asset of Defendant. *See Defendant's Brief in Opposition to the FTC's Motion to Lift the Suspension of the $14.5 Million Monetary Judgment against Yehuda Levin* ("Defendant's Opposition), at p. 1. Further, Defendant contends that he was suffering from a mental impairment at the time he completed the financial statement due to a stroke on March 25, 2009, and therefore, could not consciously make a material misrepresentation. *Id.* at 2.

## II. DISCUSSION

### A. Legal Standard

"A stipulation for judgment is binding on the parties to it and on the court in the absence of grounds which would authorize a party to rescind or withdraw from it or the court to set it aside." *Morse Boulger Destructor Co. v. Camden Fibre Mills, Inc.*, 239 F.2d 382, 383 (3d Cir. 1956). The only grounds upon which a court may rescind or withdraw a stipulation for judgment is where a party shows that the stipulation was "inadvertently, inadvisedly or improvidently entered into and would operate unjustly and to the prejudice of [such party]." *Id.* Even where a party makes this showing, the only relief which the court is empowered to grant is "to put the parties back into the position in which they were before the stipulation was made." *Id.*

### B. Analysis

Pursuant to the sworn financial statement, Defendant was required to disclose the loan to Lakewood. Defendant's argument that the transfer was a donation and not a loan is immaterial, as the financial statement required Defendant to disclose "each person to whom you have transferred, in the aggregate, more than $2,500 in funds or in other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period" *Plaintiff's Moving Brief*, at Exh. A, p. 13. Defendant did not

disclose the loan and/or donation to Lakewood, rather, Defendant wrote "N/A." *Id.* This constitutes a misrepresentation and an omission by Defendant on the financial statement.

Defendant does not deny that he made a monetary transfer to Lakewood. Defendant's only argument to explain the misrepresentation is that it was not material because Defendant was mentally impaired, and therefore, did not knowingly make a misrepresentation. Defendant seems to conflate the definition of materiality with the standard of fraud in New Jersey. Fraud requires that a Defendant *knowingly* make a *material* misrepresentation. *See Connolly v. Mitsui O.S.K. Lines (Am.), Inc.*, 2007 WL 4207836 (D.N.J. Nov. 21, 2007) (emphasis supplied). However, the first element of fraud is the *material* misrepresentation, and the second element is whether the defendant *knew* it was false. *Id.* Stated differently, knowledge does not equal materiality, as the two are separate inquiries. Thus, whether Defendant consciously knew he was making a misrepresentation is irrelevant for purposes of whether the misrepresentation was material as stated in the Stipulation. The Stipulation merely requires that any misrepresentation or omission be material, not that it be made knowingly.

A material misrepresentation is defined as "[a] false statement that is likely to induce a reasonable person to assent. . . ." *See Black's Law Dictionary* (9th ed. 2009). Here, the Stipulation specifically states that "Plaintiff's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' financial condition, as represented in the financial statement referenced above, *which contains <u>material</u> information* upon which Plaintiff relied in negotiating and agreeing to the terms of this Order[.]" [docket #42 at p. 9] (emphasis supplied). The parties stipulated that the financial statement contained *material* information and therefore, the misrepresentation and/or omission made by Defendant thereon is, in fact, a material one. Further, Defendant cannot expect this Court to find that omitting a transfer of nearly $3 million on the financial statement is immaterial. Rather, such a

misrepresentation is likely to induce a reasonable person, or in this case Plaintiff, to assent to the terms of the Stipulation.

As set forth above, this Court must enforce the Stipulation as written. Defendant has failed to show that the Stipulation was "inadvertently, inadvisedly or improvidently entered into and would operate unjustly and to the prejudice of [Defendant]." *See Morse Boulger Destructor Co.,* 239 F.2d at 383. The Stipulation requires the $14.5 million judgment to become immediately due and payable should this Court find that Defendant made a material misrepresentation or omission on the financial statement [docket #42 at p.9-10]. As stated previously, Defendant made a material misrepresentation and omission in the financial statement by not disclosing the monetary loan and/or donation of $2,894,100.52 to Lakewood and, therefore, the suspended judgment of $14.5 million shall become immediately due and payable.

## III.  CONCLUSION

For the foregoing reasons, this Court grants Plaintiff's motion to lift the suspension of the $14.5 million monetary judgment against Defendant, Yehuda Levin [docket #46]. An appropriate Order accompanies this Opinion.

Date: October 16, 2013                    /s/ Joel A. Pisano
                                          JOEL A. PISANO
                                          United States District Judge